UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-33 JD |
| JERRY HARRIS (3) | |

**OPINION AND ORDER**

After being found guilty at a jury trial, Jerry Harris was convicted of conspiracy to distribute over one kilogram of heroin and aiding and abetting, in violation of 21 U.S.C. § 846, 18 U.S.C. § 2 (Count 1). On July 8, 2020, Mr. Harris was sentenced to 262 months of imprisonment (a downward variance from the Sentencing Guideline range applicable to that count which was 360 months to life) (DE 286). Mr. Harris filed a direct appeal to the Seventh Circuit in which he raised, among other issues, the argument that this Court erred in giving him a sentence two years longer than one of his co-defendants. The Seventh Circuit issued a decision affirming Mr. Harris' conviction, including the sentence this Court imposed (DE 306).

Mr. Harris has now filed a timely petition pursuant to 28 U.S.C. § 2255 (DE 307), asking the Court to vacate his sentence and resentence him without considering the sentence enhancement for a prior serious drug felony under 21 U.S.C. §§ 841 and 851. Mr. Harris also alleges ineffective assistance of counsel by his counsel for not arguing this enhancement was inapplicable.[1] Having carefully considered the entire record and for the reasons set forth below, the Court will deny Mr. Harris' petition.

---

[1] Mr. Harris had the same counsel and trial and on appeal.

**A. Standard of Review**

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**B. Evidentiary Hearing**

As there are no material facts in dispute in this case and Mr. Harris is entitled to no relief as a matter of law, no evidentiary hearing is required. A court must hold a hearing on a § 2255 petition only if there are disputed facts set forth by affidavits and a disputed material issue.

*Taylor v. United States*, 287 F.3d 658 (7th Cir. 2002). If the factual dispute is immaterial because the governing law is clear, no hearing is necessary. *Id.* Further, the court in which a prisoner files his § 2255 petition is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). As discussed below, Mr. Harris is entitled to no relief here, and therefore no evidentiary hearing need be held.

**C. Discussion**

The thrust of Mr. Harris' § 2255 petition is that this Court erred by applying a sentencing enhancement on the basis of 21 U.S.C. §§ 841 and 851 [Hereinafter "§ 851 enhancement"], as his 2001 conviction in Illinois does not qualify as a predicate "serious drug felony" which would trigger the enhancement. Mr. Harris further argues that his counsel was ineffective for not raising this issue on direct appeal. Mr. Harris' reply brief raises two further arguments: an argument that application of the enhancement to his case constitutes a miscarriage of justice and an argument that statutory mandatory minimums should only be considered advisory.

**(1)** *"Actually Innocent" of the §851 Enhancement*

Mr. Harris first argues that he is "actually innocent" of the §851 enhancement and seeks to have that error corrected. While the parties briefly raise procedural default, because Mr. Harris did not question his §851 enhancement on direct appeal, the Court need not rely on default as clearly his claim is without merit. Simply, the Court would deny the petition as any alleged error did not affect the Court's selection of the particular sentence.

3

As background, conviction for conspiracy to distribute more than one kilogram of heroin normally carries a minimum sentence of ten years in prison. 21 U.S.C. § 841(b). However, if a person has a "prior conviction for a serious drug felony" and if the government files a timely notice pursuant to § 851 of an intent to rely on that prior conviction, the person faces a minimum sentence of fifteen years in prison. That is to say, the mandatory minimum becomes fifteen years instead of ten years based on the prior conviction. The maximum sentence remains life imprisonment with, or without, the enhancement. § 841(b).

It is undisputed that the Government filed proper notice under § 851, and during his sentencing Mr. Harris admitted to his 2001 Illinois conviction, under 720 ILC 570/401(c), as the predicate offense (DE 296 at 4–6). Days after the sentencing in his case concluded, the Seventh Circuit issued a decision holding that particular subsection of the Illinois statute did not qualify as a "felony drug offense" for purposes of the §§ 841 and 851 enhancement provisions. *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020) (holding a conviction under 720 ILCS 570/401(c)(2) does not qualify as a predicate "felony drug offense" for § 851 enhancement purposes).

The § 851 enhancement's only effect was to increase the statutory minimum sentence from ten years to fifteen years. As previously mentioned, it did not impact the statutory maximum of life imprisonment. Further, it was not a factor in calculating the Sentencing Guideline range, which was 360 months to life. The Guideline range was calculated exclusively based on the weight of the heroin distributed, Mr. Harris' leadership role in the distribution scheme, and Mr. Harris' criminal history. Mr. Harris does argue the § 851 enhancement affected his Sentencing Guideline range calculation, by increasing his offense level and making him subject to career offender status (DE 317 at 5, 10). However, this is simply incorrect as the § 851

enhancement was not a factor in calculating his offense level and the career offender designation was not applied to him. Therefore, the sole issue before the Court is whether, under these circumstances, the application of an incorrect statutory minimum sentence requires resentencing.

The Seventh Circuit has held that resentencing can be necessary where statutory minimums have an "anchoring effect" on a judge's determination of a reasonable sentence. *United States v. Currie*, 739 F.3d 960, 966 (7th Cir. 2014). Even if that is the case, the presence of a statement by the sentencing judge that they would consider the sentence imposed reasonable even if a different sentencing range applied would foreclose the need for resentencing. *Id.* at 967; *see also United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020).

In this case, the Court did provide such a statement by indicating its sentence was based on the 18 U.S.C. § 3553(a) factors. As the Government correctly notes, the Court did not refer to the issue of the § 851 enhancement besides establishing Mr. Harris was eligible for the enhancement at the outset of his hearing (DE 296 at 3–6). Instead, the Court's sentencing determination focused on the § 3553(a) factors including the mitigating factors of Mr. Harris' family ties, his age, and his personal history of substance abuse problems, and preventing unwarranted sentencing disparities with the co-defendant Mr. Gibson (DE 296 at 3–4, 28–32). It also considered aggravating factors such as Mr. Harris's managerial role in the drug trafficking enterprise, the volume of drugs trafficked, and his extensive criminal history (DE 296 at 27–29, 30–31).

Notably, the Court stated that even if it calculated the Guideline range differently in the first instance it would have varied to the range it ultimately chose based on the § 3553(a) factors (DE 296 at 33:10–21). The Court ultimately imposed a sentence of 262 months, a significant downward variance from the Guideline range based on the mitigating factors. This sentence was

well below the statutory maximum, and well above either a ten year or fifteen year statutory minimum. And nothing suggests that the incorrectly applied statutory minimum sentence had an impact on the ultimate sentence imposed. Therefore, even without the §851 enhancement, Mr. Harris would fare no better on resentencing. Accordingly, Mr. Harris is not entitled to any relief on this claim.

**(2)** *Ineffective Assistance of Counsel*

Mr. Harris also argues a resentencing is required because his counsel provided ineffective assistance. Specifically, he alleges that because his counsel did not argue that the § 851 enhancement should not apply, counsel's assistance was ineffective. Mr. Harris' claim will fail as he has not established prejudice.

In order to establish ineffective assistance of counsel, a defendant must establish (1) their counsel's performance was deficient, and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the prejudice prong, a petitioner must establish that "but for counsel's errors, there is a reasonable probability the result would have been different." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). Even if counsel's performance was deficient, Mr. Harris cannot establish prejudice because, for the reasons stated previously, the application of the § 851 enhancement did not affect the ultimate sentence he received. Therefore, even if counsel had prevailed in arguing the § 851 enhancement should not apply, there would be no different result in his sentencing. Accordingly, Mr. Harris is not entitled to any relief based on his ineffective assistance of counsel claims.

**(3)** *"Miscarriage of Justice"*

Mr. Harris's reply brief argues that the application of the § 851 enhancement to him constitutes a miscarriage of justice (DE 317 at 10–12).[2] Mr. Harris claims that the Government approached him with a plea deal of 240 months which was presented as the mandatory minimum under the statutory enhancement and Sentencing Guidelines and that plea offer "forced him" to go to trial (DE 317 at 12).[3] He indicates that if the enhancement had not been applied, the minimum sentence would have only been 120 months and he could have taken a plea deal of that amount and the outcome of his case would be different.

Mr. Harris does not articulate why his case being considered a "miscarriage of justice" would entitle him to any form of relief under § 2255. And there is no such cognizable claim. *See United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). It is possible he intended to argue he is entitled to consideration for § 2255 relief as the alleged defect in his sentencing constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris*, 366 F.3d at 594. *Harris v. United States* from our standard of review states that § 2255 relief is appropriate "only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* Therefore, it is plausible he is arguing his claim is cognizable under §2255 and he is entitled to relief because he believes the defect in his proceeding constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.*

Regardless, the Seventh Circuit has held that the imposition of a sentence well below the Congressionally imposed maximum, either directly through statute or by delegation to the

---

[2] Mr. Harris refers to the application of the "career offender designation," but as previously discussed that designation was never applied to him.

[3] The Court notes the mandatory minimum with the § 851 enhancement is actually 180 months. 21 U.S.C. § 841(b) The Court also notes that the Sentencing Guidelines range was calculated without use of the statutory enhancement and the minimum Guidelines range was actually 360 months.

Sentencing Commission, does not constitute a miscarriage of justice. *Coleman*, 763 F.3d at 708–09 (Citing *Hawkins v. United States*, 706 F.3d 820, 82425 (7th Cir. 2013)); *see also Hanson v. United States*, 941 F.3d 874 (7th Cir. 2019) (affirming the holdings in *Hawkins* and *Coleman*). Therefore, the Court will conclude that Mr. Harris' sentencing simply does not constitute a miscarriage of justice under the law as interpreted by the Seventh Circuit. Accordingly, Mr. Harris does not merit relief under § 2255 on the basis his case was a miscarriage of justice.

**(4)** *Mr. Harris's Booker argument is not dispositive to his petition*

In his reply brief Mr. Harris introduces a new legal argument. The argument is that statutory mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) are inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), and must be considered only advisory (DE 317 at 7–8). Mr. Harris does not explain the relevance of this argument to his § 2255 petition, nor can the Court discern any. Moreover, Mr. Harris is clearly mistaken as *Booker* held only that the Sentencing Guidelines are advisory, not mandatory. *Id.* at 246. Mr. Harris' mandatory minimum sentence was the product of statute and not the Guidelines, and the Court is obligated to apply statutory law. *See United States v. Brucker*, 646 F.3d 1012, 1016 (7th Cir. 2011) (affirming that *Booker* does not affect statutory minimum sentences and sentencing courts are bound by statutory minimums). Accordingly, the Court need not engage with this argument any further.

### D. Conclusion

For the reasons contained herein, the Court DENIES Mr. Harris' motion for relief under § 2255 (DE 307).

SO ORDERED.

ENTERED: March 1, 2022

                                            /s/ JON E. DEGUILIO  
                                      Chief Judge  
                                      United States District Court